Filed 3/13/14  P. v. Moreno CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ESTEBAN PANTOJA MORENO,<br><br>    Defendant and Appellant. | H039643<br>(Santa Cruz County<br>Super. Ct. No. F20483) |

Defendant Esteban Pantoja Moreno appeals a judgment of conviction entered after he pleaded no contest to a count of possession of methamphetamine for sale (Health & Saf. Code, § 11378), a count of possession of cocaine (*id*., § 11350), and a count of resisting arrest (Pen. Code, § 148, subd. (a)).[1]  Defendant also admitted he had a prior strike conviction.  (§§ 667, subds. (b)-(i), 1170.12.)  The trial court sentenced defendant to a term of two years, eight months in prison.  On appeal, defendant requests that we conduct an independent review of the sealed search warrant affidavit and the transcript of the in camera hearing to determine if the trial court erred in denying his motion to suppress or to disclose more of the sealed search warrant affidavit.  Defendant further argues that the judgment should be modified to reflect an $840 restitution fine (§ 1202.4, subd. (b)).  Lastly, defendant contends that the trial court erred in limiting his postsentence conduct credit to 15 percent under section 2933.1.  We modify the judgment and affirm.

---

[1] Further unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Since defendant pleaded no contest to the offenses, we derive our facts from the probation report, which was based on a report prepared by the Watsonville Police Department. On February 22, 2011, officers went to defendant's residence to serve a search warrant. After observing defendant enter his truck, officers attempted to conduct a traffic stop but defendant did not yield. Eventually, defendant pulled over but accelerated away after officers instructed him to turn off his truck. After a chase, defendant got out of the truck and ran down several streets, through yards and fences. A perimeter was set up and defendant was taken into custody.

Officers found 4.2 grams of methamphetamine in defendant's boot and piles of methamphetamine in several of the yards close to where he was arrested. Defendant had $1,713 in cash in his wallet, which officers concluded was the result of drug sales. Officers searched defendant's home and found an 8.2 gram bag of cocaine, a 1.5 gram bag of cocaine, a zip lock bag containing marijuana, drug paraphernalia, and a .22-caliber rifle.

On June 13, 2011, the Santa Cruz County District Attorney's Office filed an information charging defendant with a count of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a), count 1), possession of methamphetamine for sale (*id*., § 11378, count 2), possession of cocaine for sale (*id*., § 11350, count 3), possession of ammunition by a felon (former § 12316, subd. (b)(1), now § 30305, subd. (a)(1), count 4), and resisting arrest (§ 148, subd. (a), count 5). The information alleged that defendant had suffered a prior strike conviction (§ 667, subds. (b)-(i)) and that he had served a prior prison term (§ 667.5, subd. (b)).

Defendant filed a motion to suppress evidence pursuant to section 1538.5 on October 11, 2011. Defendant also sought to unseal portions of the sealed search warrant affidavit and to quash and traverse the warrant. After an in camera hearing, the court granted defendant's motion in part and disclosed a portion of the sealed search warrant

2

affidavit.  The court then denied defendant's motion to suppress and his motion to quash and traverse the warrant after concluding that there was no "indication whatsoever that there's any false or material misrepresentations in the affidavit."

On September 7, 2012, the prosecutor amended count 3 (possession of cocaine for sale) to be possession of cocaine, a violation of Health and Safety Code section 11350. Defendant then pleaded no contest to count 2 (possession of methamphetamine for sale), count 3 (possession of cocaine), and count 5 (resisting arrest).  Defendant also admitted his prior strike conviction.  Count 1 (transportation of methamphetamine) and count 4 (possession of ammunition by a felon) and the allegation of a prior prison commitment were dismissed.

Defendant filed a motion to dismiss his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504, which was denied on March 25, 2013.  The court then sentenced defendant to a term of 32 months (two years, eight months) for count 2 and a concurrent term of 32 months for count 3.  The court imposed a concurrent term of 180 days in county jail for count 5.  The court indicated that defendant would be required to serve 85 percent of his sentence before being paroled pursuant to section 2933.1 and orally imposed an $840 restitution fine and a matching $840 parole revocation restitution fine.

Defendant filed a notice of appeal on May 15, 2013.  Defendant filed a second notice of appeal on August 29, 2013, challenging the denial of his motion to suppress, which this court granted relief from default.

**DISCUSSION**

1.  *Motion to Quash and Traverse Warrant and to Suppress Evidence*

Defendant filed a motion to quash and traverse the search warrant and to suppress evidence, alleging that the search warrant was not supported by probable cause. Defendant also contended the warrant must be traversed because it likely contained material misrepresentations, omissions, or false statements.  A large portion of the search

3

warrant affidavit explaining the basis for the search was ordered sealed by the trial court in order to protect the identity of a confidential informant.  Defendant requests that this court conduct an independent review of the in camera hearing and the sealed search warrant affidavit to determine if the trial court should have disclosed additional information and if it properly denied his motion to suppress.

Section 1534, subdivision (a) specifies that the contents of a search warrant, including the supporting affidavit, become public record once the warrant is executed and returned.  In *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*), our Supreme Court held that a major portion or all of a search warrant affidavit may remain sealed to protect the identity of a confidential informant.  (*Id.* at pp. 971-975.)

*Hobbs* explains that "[o]n a properly noticed motion by the defense seeking to quash or traverse the search warrant, the lower court should conduct an in camera hearing pursuant to the guidelines set forth in section 915, subdivision (b), and this court's opinion in [*People v.*] *Luttenberger* [(1990)] 50 Cal.3d [1,] 20-24."  (*Hobbs*, *supra*, 7 Cal.4th at p. 972.)  "It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity.  It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid the informant's identity."  (*Ibid.*)  The prosecutor may be present during the in camera hearing, but defendant and his counsel are excluded unless the prosecutor waives objection to their presence.  (*Id.* at p. 973.)  Defense counsel should be afforded the opportunity to submit written questions that are reasonable in length, which "shall be asked by the trial judge of any witness called to testify at the proceeding."  (*Ibid.*)

"If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit, including any testimony

4

offered at the in camera hearing.  Generally, in order to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' " (*Hobbs*, *supra*, 7 Cal.4th at p. 974.)

"Similarly, if the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant (Pen. Code, § 1538.5), the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant." (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)

We have reviewed the reporter's transcript of the in camera hearing and the sealed and public portions of the search warrant affidavit.  We conclude that the court properly ordered the sealed portion of the transcript to remain sealed to protect the identity of the confidential informant.  (*Hobbs*, *supra*, 7 Cal.4th at pp. 972-973.)  The trial court also properly unsealed the portion of the search warrant affidavit that contained no identifying information about the confidential informant.

Additionally, we find that under the totality of circumstances presented in the search warrant affidavit, there was a fair probability that contraband or evidence of a crime would be found in the place searched pursuant to the warrant.  (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)  Therefore, the trial court correctly denied defendant's motion to quash.  (*Ibid*.)

Lastly, with respect to defendant's motion to traverse, nothing in the transcript of the in camera hearing or the sealed search warrant affidavit disclosed a basis to suspect that there were any false statements, material misrepresentations, or omissions.  Accordingly, there was no error in the trial court's denial of defendant's motion to traverse.  (*Hobbs*, *supra*, 7 Cal.4th at p. 974.)

2. *Restitution Fine*

At the sentencing hearing, the trial court orally imposed an $840 restitution fine and a matching $840 parole revocation restitution fine. The abstract of judgment and the sentencing minute order lists an $850 restitution fine under section 1202.4, subdivision (b) and an $840 parole revocation restitution fine under section 1202.45. Defendant argues that the abstract of judgment should be amended to reflect an $840 restitution fine. The People concede this issue, and we find the concession appropriate. When there is a discrepancy, the record of the court's oral pronouncement of judgment ordinarily controls over the clerk's minute order. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Mesa* (1975) 14 Cal.3d 466, 471.) Therefore, the restitution fine pursuant to section 1202.4, subdivision (b) must be reduced from $850 to $840.

3. *The Court Lacked Authority to Limit Credits to 15 Percent*

Defendant contends that the trial court lacked the authority to limit his postsentence conduct credit to 15 percent under section 2933.1, subdivision (a). The People concede this issue, and we accept this concession.

Under section 2933.1, subdivision (a), a trial court must impose a 15 percent limitation on a defendant's accrual of postsentence conduct credit if the defendant is convicted of a violent felony as defined under section 667.5, subdivision (c). Defendant was convicted of two felonies, possession of methamphetamine for sale (Health & Saf. Code, § 11378) and possession of cocaine (*id*., § 11350). Neither of these felonies is listed as a violent felony under section 667.5, subdivision (c). Therefore, the trial court erred in limiting defendant's postsentence conduct credit to 15 percent under section 2933.1, subdivision (a).

However, defendant admitted a prior strike conviction. The Three Strikes Law imposes a 20 percent limitation on postsentence conduct credit for prisoners with a prior strike conviction. (§§ 1170.12, subd. (a)(5), 667, subd. (c)(5).) During the sentencing hearing, the trial court stated that defendant's sentence would be "served at 85 percent

6

given the prior strike." Accordingly, it appears that the trial court intended to limit defendant's postsentence conduct credit due to his prior strike but erroneously applied the 15 percent limitation found under section 2933.1. Defendant's postsentence conduct credit should therefore be limited to 20 percent and the abstract of judgment should be amended to reflect that defendant must serve 80 percent of his sentence.

## DISPOSITION

The trial court is directed to modify the abstract of judgment to reflect an $840 restitution fine under Penal Code section 1202.4, subdivision (b). The trial court is further directed to modify the abstract of judgment to reflect a 20 percent limitation on defendant's postsentence conduct credit, requiring defendant to serve 80 percent of his sentence. As modified, the judgment is affirmed.

---

Premo, J.

WE CONCUR:

---

Rushing, P.J.

---

Márquez, J.

7